IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ada Anglemeyer<br>340 Old Allentown Road<br>Wind Gap, PA 18091, | TRIAL BY JURY DEMAND |
| Richard C. Anglemeyer<br>340 Old Allentown Road<br>Wind Gap, PA 18091, | CIVIL ACTION NO. |
| Jeffrey Anglemeyer<br>340 Old Allentown Road<br>Wind Gap, PA 18091, | |
| and | |
| Joseph Kluska<br>340 Old Allentown Road<br>Wind Gap, PA 18091, | |
| Plaintiffs. | |
| v. | |
| Northampton County<br>669 Washington Street<br>Easton, Pennsylvania 18042 | |
| Michael D. Enstrom<br>669 Washington Street<br>Easton, Pennsylvania 18042 | |
| Officer Happel<br>669 Washington Street<br>Easton, Pennsylvania 18042 | |
| Det Srgt Melinsky<br>669 Washington Street<br>Easton, Pennsylvania 18042 | |
| John Zwally<br>669 Washington Street | |

1

| | |
|---|---|
| Easton, Pennsylvania 18042 | : |
| | : |
| John Doe Officer | : |
| Badge No. unknown | : |
| 669 Washington Street | : |
| Easton, Pennsylvania 18042 | : |
| | : |
| and | : |
| | : |
| John Doe Pennsylvania | : |
| State Police Trooper | : |
| Badge No. unknown | : |
| 1800 Elmerton Ave | : |
| Harrisburg, PA 17110 | : |
|     Defendants. | : |

## CIVIL ACTION COMPLAINT

Plaintiffs by and through their attorney Brian J. Zeiger, Esquire, hereby allege the following:

## JURISDICTION & VENUE

1. Plaintiffs allege civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2. Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times relevant hereto the Plaintiffs Ada Anglemeyer, Richard C. Anglemeyer, Jeffrey Anglemeyer, and Joseph Kluska, are adult residents who live at 340 Old Allentown Road, Wind Gap, PA 18091.

4. Northampton County, is an incorporated Municipality in Pennsylvania, located at 669 Washington Street, Easton, PA 18042.

5. Police Officers Michael D. Enstrom, Office Happel, Det. Srgt Melinsky, John Zwally, and John Doe Officer are police officers, who are believed to be adult citizens of Pennsylvania conducting business at 669 Washington Street, Easton, PA 18042. Defendants in this paragraph are being sued in both their individual and official capacity.

6. John Doe Pennsylvania State Trooper, is believed to be an adult male citizen of Pennsylvania conducting business at 1800 Elmerton Ave, Harrisburg, PA 17110.

7. At all times material hereto, the defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the Northampton County.

## FACTUAL BACKGROUND

8. On or about February 11, 2018, Plaintiffs were lawfully present at their home when the Defendants entered their home without probable cause.

9. During the illegal entry into the Plaintiffs' home, the Plaintiffs were severely injured.

10. As a factual background, the property with the address of 340 Old Allentown Road, Wind Gap, PA 18091, is a single parcel of land with five buildings on the property.

11. The Defendants previously believed Mark Anglemeyer (who is not a plaintiff in the instant action) was distributing methamphetamine from one of the buildings on the parcel.

12. However, none of the Plaintiffs were ever observed or alleged to have participated in any methamphetamine distribution.

13. Further, when the Defendants entered Plaintiffs' home, the building the Defendants entered was never part of any allegation of a methamphetamine distribution center.

Levin & Zeiger LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 191029
215.546.0340

14. The alleged methamphetamine operation was alleged to be in a different building.

15. Accordingly, the Defendants entered the wrong building.

16. Defendant Northampton County did not properly train its officers regarding probable cause, identification of the proper real property when executing a warrant, use of force, and using John Doe State Troopers in the execution of a warrant.

17. Plaintiffs suffered various injuries, including, but not limited to:

    a. Ada Anglemeyer, 78 years old: fracture of L2 vertebra in back, two front teeth broken, bruising from left knee to buttocks, right leg pain resulting in the use of a brace, back pain resulting in the use of a brace, and right elbow nerve entrapment requiring transposition;

    b. Joseph Kluska, 45 years old: left rotator cuff tear requiring surgical repair;

    c. Richard Anglemeyer, 79 years old: multiple contusions and abrasions, sprain of right knee, contusion and abrasion of eye, corneal abrasion, facial abrasion, and severe mental health injuries. Further, Richard Anglemeyer is still suffering from severe emotional trauma as a result of the incident;

    d. Jeffrey Anglemeyer, 56 years old: serious exacerbation of a previous upper body injury.

18. The matter regarding any alleged methamphetamine prosecution against Mark Anglemeyer (who is not a plaintiff in the instant action), was *nolle prossed* by the Northampton County District Attorneys Office.

19. In the paperwork related to the Mark Anglemeyer prosecution, no mention is made of any of the Plaintiffs being involved in any illegal conduct related to methamphetamine.

4

## COUNT I -
## VIOLATION OF 42 U.S.C. § 1983
## ALL DEFENDANTS

20. Plaintiffs allege each and every allegation contained in the foregoing paragraphs of this Complaint and incorporate them herein by reference as if the same were set forth at length.

21. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiffs' civil rights.

22. Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. §1983, and have deprived Plaintiffs of their rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including her right to bodily integrity and her right to be free from illegal seizure.

23. Defendants also violated Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution by holding her in custody with no authority to do so.

24. On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to the Plaintiffs. Defendants' actions as stated herein denied Plaintiffs' rights in violation of the United States Constitution and 42 U.S.C. § 1983.

25. Defendants' actions were a factual cause of and/or directly and proximately caused Plaintiffs' substantial damages and harm.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Twenty Five Thousand ($225,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages.

### COUNT II - EXCESSIVE FORCE - 42 U.S.C. § 1983
### INDIVIDUAL DEFENDANTS

26. Plaintiffs allege each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

27. Plaintiffs believe and therefore aver that the force used upon them was unnecessary and more force than was reasonable and necessary under the circumstances.

28. Plaintiffs believe and therefore aver that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiffs of their constitutional and statutory rights.

29. Defendants' actions were a factual cause of and/or caused Plaintiffs' substantial damages and harm. (See above).

**WHEREFORE**, Plaintiffs demand judgment against Defendants for such sums as would reasonably and properly compensate them for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages.

### COUNT III: PLAINTIFFS V. DEFENDANT NORTHAMPTON COUNTY
### MUNICIPAL LIABILITY
### FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983
### (MONELL CLAIM)

30. Plaintiffs allege each and every allegation contained in the foregoing paragraphs of this

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Complaint and incorporates them herein by reference as if the same were set forth at length.

31. Defendant Northampton County promulgated and maintained policies and customs, as pled at length above, which were the moving force that caused Plaintiffs' constitutional and statutory rights being violated.

32. Defendant Northampton County maintained a policy not properly training and/or supervising its officers related to probable cause, identification of the proper real property when executing a warrant, use of force, and using John Doe State Troopers in the execution of warrants.

33. Defendant Northampton County maintained a custom of not properly training and/or supervising its officers regarding probable cause, identification of the proper real property when executing a warrant, use of force, and using John Doe State Troopers in the execution of warrants.

34. Defendant knew of the dangers posed by these policies and customs.

35. Specifically, Defendant Northampton County was fully aware prior to incident leading to the instant action of the dangers of executing a warrant at the wrong location, the dangers of using an external group of law enforcement officers not familiar with the background of the matter, and the dangers of excessive force.

36. Defendant Northampton County knew there were five buildings on the parcel of land indicated on their warrant, yet they did nothing to ensure the warrant was executed on the correct building.

37. Despite this prior knowledge, Defendant Northampton County took no steps to enact proper policies to remedy the problematic policies and customs.

38. Had Defendant Northampton County, properly promulgated appropriate protocol, not had an improper custom or adequately trained and/or supervised the individual defendants Plaintiffs would not have been injured.

39. Defendant Northampton County was deliberately indifferent to the constitutional rights of Plaintiffs.

40. Defendant Northampton County policies and customs were a direct and proximate cause of Plaintiffs' injuries and damages.

41. As a direct and proximate result of Defendant Northampton County's policies and customs, Plaintiffs suffered immense physical pain, humiliation, fear, physical injuries and death.

42. Plaintiffs also makes a claim for such injuries, damages and consequences resulting from the incident of which she has no present knowledge.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for such sums as would reasonably and properly compensate them for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees.

### COUNT IV - CONSPIRACY UNDER 42 U.S.C. § 1983
### INDIVIDUAL DEFNEDANTS

43. Plaintiffs allege each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

44. The Defendants in this matter conspired to deprive the Plaintiffs of their constitutional rights.

45. The Defendants took overt steps in furtherance of the conspiracy to falsely arrest and maliciously prosecute the Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for such sums as would reasonably and properly compensate them for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with compensatory damamges, delay damages, interest, costs and attorneys' fees and punitive damages.

Respectfully submitted,

_____
BRIAN J. ZEIGER, ESQUIRE
Identification No.: 87063
zeiger@levinzeiger.com
LEVIN & ZEIGER, LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 19102
215.546.0340