IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADA ANGLEMEYER, et al., | : |
| Plaintiffs, | : CIVIL ACTION – LAW |
| v. | : DOCKET NO. 19-cv-3714 |
| NORTHAMPTON COUNTY, et al., | : |
| Defendants. | : |

**DEFENDANT, NORTHAMPTON COUNTY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant, Northampton County, ("Answering Defendant"), by and through its counsel, The MacMain Law Group, LLC, answers Plaintiffs' Complaint as follows, denying each and every averment set forth therein except as expressly admitted below:

**JURISDICTION & VENUE**

1. Admitted in part and denied in part. It is admitted that jurisdiction properly lies with this Court. The remaining averments of this paragraph are denied.

2. Admitted in part and denied in part. It is admitted that venue properly lies with this Court. The remaining averments of this paragraph are denied.

**PARTIES**

3. Denied. Answering Defendant is without sufficient information to admit or deny the averments in the paragraph and therefore the same are denied.

4. Admitted.

5. Denied. Answering Defendant is without sufficient information to admit or deny the averments in the paragraph and therefore the same are denied.

6. Denied.

7. Denied.

## FACTUAL BACKGROUND

8. Denied.

9. Denied.

10. Denied.

11. Denied.  By way of response, Northampton County had no involvement in the incident alleged in Plaintiffs' Complaint.  At no point material to this lawsuit were the Individual Defendants acting as agents of Northampton County, and therefore the averments of this paragraph are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.  By way of response, Northampton County had no involvement in the incident alleged in Plaintiffs' Complaint.  At no point material to this lawsuit were the Individual Defendants acting as agents of Northampton County, and therefore the averments of this paragraph are denied.

17. (a-d).  Denied.

18. Denied.  Answering Defendant is without sufficient information to admit or deny the averments in this paragraph and therefore the same are denied.  Northampton County had no involvement in the incident alleged in Plaintiffs' Complaint.  At no point material to this lawsuit

were the Individual Defendants acting as agents of Northampton County, and therefore the averments of this paragraph are denied.

19. Denied. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph and therefore the same are denied. Northampton County had no involvement in the incident alleged in Plaintiffs' Complaint. At no point material to this lawsuit were the Individual Defendants acting as agents of Northampton County, and therefore the averments of this paragraph are denied.

## COUNT I
## ALLEGED VIOLATION OF 42 U.S.C. § 1983
## ALL DEFENDANTS

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. -25. Denied. The averments contained in these paragraphs are conclusions of law to which no response is required. By way of further response, Northampton County had no involvement in the incident alleged in Plaintiffs' Complaint. At no point material to this lawsuit were the Individual Defendants acting as agents of Northampton County, and therefore the averments of this paragraph are denied.

**WHEREFORE,** Answering Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiffs, together with costs, disbursements, attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## COUNT II
## ALLEGED EXCESSIVE FORCE – 42 U.S.C. § 1983
## INDIVIDUAL DEFENDANTS

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. – 29. Denied. The averments contained in these paragraphs are directed at the Individual Defendants in this matter, therefore no response is required and the same are denied.

**WHEREFORE,** Answering Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiffs, together with costs, disbursements, attorney's fees under, *inter alia,* 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

### COUNT III
### PLAINTIFFS V. DEFENDANT NORTHAMPTON COUNTY MUNICIPAL LIABILITY
### FOURTEENTH AMENDMENT- PURSUANT TO 42 U.S.C. § 1983
### ALLEGED *MONELL* CLAIM

30.    Paragraphs 1 through 29 are incorporated herein by reference.

31. –42.    The averments contained in these paragraphs are conclusions of law to which no response is required.  To the extent these paragraphs contain averments of fact, the same are denied. By way of further response, Northampton County had no involvement in the incident alleged in Plaintiffs' Complaint.  At no point material to this lawsuit were the Individual Defendants acting as agents of Northampton County, and therefore the averments of this paragraph are denied.

**WHEREFORE,** Answering Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiffs, together with costs, disbursements, attorney's fees under, *inter alia,* 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

### COUNT IV
### ALLEGED CONSPIRACY UNDER 42 U.S.C. § 1983
### INDIVIDUAL DEFENDANTS

43.    Paragraphs 1 through 42 are incorporated herein by reference.

44. –45.    Denied.  The averments contained in these paragraphs are directed at Individual Defendants in this matter, therefore no response is required and the same are denied.

**WHEREFORE,** Answering Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiffs, together with costs, disbursements, attorney's fees under, *inter alia,* 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

Answering Defendant reserve the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in this Answer, Answering Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of Answering Defendant violated any of Plaintiffs' constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiffs were afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no injury or damages as a result of any acts or omissions by Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiffs was a direct and proximate result of Plaintiffs' and/or a third-party's conduct over which Answering Defendant had no control.

### SIXTH AFFIRMATIVE DEFENSE

At no time material hereto, did Answering Defendant act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiffs' health, safety and welfare.

### SEVENTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

### EIGHTH AFFIRMATIVE DEFENSE

At no time material hereto, was Answering Defendant deliberately indifferent to the constitutional rights of Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendant are immune from all or part of the claims set forth in Plaintiffs' Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Pennsylvania Political Subdivision Tort Claims Act 42 Pa. C.S.A. § 8501 et seq.  All defenses therein are incorporated by reference as if fully set forth at length herein.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

### TWELFTH AFFIRMATIVE DEFENSE

At no time material hereto was Answering Defendant deliberately indifferent to the safety or constitutional rights and/or medical needs of Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lacks standing to assert all or some of their claims and/or to obtain all or some of the relief requested from the Court.

### FOURTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendant adopt, permit or follow, either formally or informally, a policy, custom or practice of violating a person's Constitutional rights or which in any other way tolerated or permitted the violation of the civil rights of any individual, including Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the policies, procedures, and trainings of the Answering Defendant have been reasonable and appropriate and have insured the protection of all rights, privileges and immunities of inmates, including Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of harm by their own conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of res judicata and collateral estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

At no time material hereto were the Individual Defendants acting as an agent of Northampton County.

## **TWENTIETH AFFIRMATIVE DEFENSE**

At no time material hereto were the Individual Defendants acting at the directions or under the supervision of Answering Defendant.

**THE MACMAIN LAW GROUP, LLC**

Date: September 30, 2019     By:     */s/ David J. MacMain*
David J. MacMain, Esq., PA ID No. 59320
Samantha A. Ryan, Esq., PA ID No. 320553
433 West Market Street, Suite 200
West Chester, Pennsylvania 19382
Tel: (484) 318-7803
Fax: (484) 328-3996
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, David J. MacMain hereby certify that I caused a copy of the foregoing *Answer to Plaintiff's Complaint* to be served upon the following via the ECF system of the United States District Court for the Eastern District of Pennsylvania addressed as follows:

Brian J. Zeiger
1500 JFK Boulevard, Suite 620
Philadelphia, PA 19102
215-546-0340
*Attorney for Plaintiffs*

Elizabeth Leigh Kramer
Frank J. Lavery, Jr.
Lavery Law
225 Market Street, Suite 304
PO Box 1245
Harrisburg, Pennsylvania 17108
*Attorneys for Co-Defendants*

**THE MACMAIN LAW GROUP, LLC**

Date: September 30, 2019      By:     /s/ *David J. MacMain*
David J. MacMain, Esq., PA ID No. 59320
Samantha A. Ryan, Esq., PA ID No. 320553
433 West Market Street, Suite 200
West Chester, Pennsylvania 19382
Tel: (484) 318-7803
Fax: (484) 328-3996
*Attorneys for Defendant,*
*Northampton County*